Jim Mackie, SBN 013314
F. David Harlow, SBN 027547
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520.544.0300
Fax: 520.544.9675

jim.mackie@ogletreedeakins.com
david.harlow@ogletreedeakins.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DIXIE A. ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, & JOHN DOE & JANE DOES 1 through 10, inclusive; ABC CORPORATIONS 1 through 10, inclusive, and XYZ PARTNERSHIPS 1 through 10, inclusive ,<br><br>        Defendant. | No. CV<br><br>NOTICE OF REMOVAL |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, TUCSON, ARIZONA

Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), by and through undersigned counsel, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In support of such removal, Defendant states as follows:

1. Plaintiff ("Plaintiff" or "Anderson") filed this civil action (the "Action") in the Pima County Superior Court, Pima County, State of Arizona, on or

about March 25, 2013. The Action was assigned Case No. C2013-1658. Plaintiff served a Summons and Complaint on Defendant by U.S. Certified Mail on April 9, 2013. Copies of the Summons and Complaint are attached hereto as Exhibit 1. A copy of the Certificate of Service of Process showing service of the Complaint and Summons on Defendant on April 9, 2013 is attached hereto as Exhibit 2. A copy of the Plaintiff's Certificate of Compulsory Arbitration filed in Pima County Superior Court is attached hereto as Exhibit 3. Defendant has not yet answered the Complaint.

2. This Notice of Removal is timely filed within 30 days of Plaintiff's service of the Summons and Complaint on Defendant.

3. The Action is now pending in the Pima County Superior Court, which court is in the territory of the Tucson Division of the U.S. District Court for the District of Arizona.

4. Plaintiff's Complaint presents claims for declaratory and injunctive relief that seek to recover benefits that she alleges are owed to her as a beneficiary under a life insurance benefits plan (referred to in the Complaint as the "Continued Protection Insurance Coverage plan") (hereinafter, the "Plan"), which is funded by an insurance policy issued by MetLife to Plaintiff's deceased spouse, Roy Anderson. (*See* Ex.1, ¶3) (Plaintiff's Complaint contains two paragraphs numbered "3," both of which support the instant allegation). Roy Anderson was a participant in the Plan, which was provided to him through his former employer, Raytheon Company. (Ex.4, ¶¶7, 8); 29 U.S.C. § 1002(1)(A) (defining welfare benefit plans under ERISA). The purpose of the Plan is to provide eligible beneficiaries with benefits in the event of death. *Id.* Therefore, the Plan is governed by ERISA. *Id.* Indeed, the Plan itself reflects that it is governed by ERISA, and that participants are afforded certain rights under ERISA with respect to the Plan and Plan benefits. *See* Exhibit 4.

2

5. ERISA provides the exclusive remedy for resolution of claims brought by a participant or beneficiary of an employee welfare benefit plan and that relate to the plan. 29 U.S.C. § 1132(a)(1)(B); s*ee also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-63 (1987).

6. A complaint arising under ERISA is necessarily federal in character and completely preempted by ERISA, resulting in conferral of original jurisdiction on this Court. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); 29 U.S.C. § 1132(e); 28 U.S.C. §1331.

7. A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law, even where (as here) the complaint does not on its face allege that it arises under ERISA. *See Felton v. Unisource Corp.*, 940 F.2d 503, 507-08 (9th Cir. 1991) (although the complaint did not state an ERISA cause of action on its face, the factual basis for the complaint "made it apparent that the action falls into the complete preemption area of ERISA").

8. ERISA preempts any state law claims asserted in the Complaint. *See Aetna Health,* 542 U.S. at 209-210 (any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy is completely preempted); *Felton*, 940 F.2d at 507-508.

9. Plaintiff's ERISA preempted claim is removable to this Court under federal question jurisdiction. 29 U.S.C. § 1132(f); *Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1195-96 (9th Cir. 1988).

10. The Action is, therefore, a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed by MetLife pursuant to 28 U.S.C. § 1441(a).

11. This action is also a civil action over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may

be removed by Defendant pursuant to 28 U.S.C. § 1441.

12. Defendant is a New York corporation with its principal place of business in New York.

13. Plaintiff is alleged in the Complaint to be a resident of Pima County, Arizona. (Ex. 1, ¶1).

14. Plaintiff's Complaint seeks recovery of Plan benefits in excess of $75,000 and, thus, the amount in controversy exceeds the jurisdictional amount in controversy requirement. (Ex. 1 at ¶¶3, 6, 13).

15. Defendant, in accordance with Rule 3.7, Rules of Practice of the United States District Court for the District of Arizona, affirmatively states that a copy of this Notice has been filed with the Clerk of the Pima County Superior Court of the State of Arizona in and for Pima County.

16. Defendant, in accordance with Rule 3.7, Rules of Practice of the United States District Court for the District of Arizona, verifies that true and complete copies of all pleadings and other documents that were previously filed with the Pima County Superior Court in this action are submitted herewith.

WHEREFORE, Defendant hereby removes this action from the Pima County Superior Court, Pima County, State of Arizona, to this Court

DATED this 9th day of May, 2013.

                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                By:  /s/Jim Mackie
                      Jim Mackie, SBN 013314
                      F. David Harlow, SBN 027547
                      3430 E. Sunrise Drive, Suite 220
                      Tucson, AZ 85718
                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the on the 9th day of May, 2013, I electronically filed the attached document.

AND a copy of the foregoing document was served by First Class Regular Mail this same day on:

Scott MacMillan Baker
Law Offices of Scott MacMillan Baker, PC
4562 N. First Avenue, Suite 100
Tucson, AZ  85718
Attorneys for Plaintiff


By: /s/Carol Essig

14971030.1 (OGLETREE)